# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**WILLIE FRANK BLOUNT,**

    **Plaintiff,**

vs.                                             Case No. 4:12cv116-RS/WCS

**STATE OF FLORIDA, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated a civil rights action in this Court on March 12, 2012. It is unclear whether Plaintiff is currently a prisoner. On the complaint form, Plaintiff states that his place of present confinement is the Orange County Jail in Orlando, but he also provides a different address in Sanford, Florida, on the complaint, doc. 1, and the *in forma pauperis* motion, doc. 2. Ruling on the *in forma pauperis* motion must be deferred until it can be determined whether Plaintiff is presently detained or incarcerated at the jail, and whether Plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h).

Plaintiff's complaint, which is signed and dated December 20, 2011, concerns events at the Orange County Jail. Doc. 1. The Defendants would, necessarily, be employed by the jail. Therefore, because the events at issue in this case and all

relevant Defendants[1] are located in the Middle District of Florida, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Orlando Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Orlando Division, for all further proceedings, including review of the *in forma pauperis* motion.

**IN CHAMBERS** at Tallahassee, Florida, on March 15, 2012.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

---

[1] Plaintiff has named the Governor of the State of Florida as a Defendant, but there are no allegations against him and thus no reason for this case to stay in this district.

Case No. 4:12cv116-RS/WCS

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**